**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda K. Narada; Ty Estes Narada, | No. CV12-8188 PCT DGC |
| Appellants, | **ORDER** |
| v. | |
| Social Security Administration, | |
| Appellee. | |

Before the Court is the motion to dismiss filed by Appellants Brenda Narada and Ty Narada. Doc. 5. Appellee Social Security Administration filed a response. Doc. 7. The Parties have not requested oral argument. For the reasons stated below, the Court will dismiss the appeal for lack of jurisdiction.

**I.     Background.**

Appellants filed for chapter 7 bankruptcy. *In re Narada*, No. 2:10-bk-06136-RTBP, Doc. 1 (Bankr. D. Ariz. Mar. 10, 2012). Appellee filed an adversary complaint objecting to the discharge of a debt owed to it. *United States v. Narada*, No. 2:10-ap-01163-RTBP, Doc. 1 (Bankr. D. Ariz. Nov. 26, 2010).

On April 18, 2012, Appellee filed a motion for summary judgment in the bankruptcy court (*id.*, Doc. 57), which the court granted on August 21, 2012 (*id.*, Doc. 69). Appellants filed a notice of appeal on August 29, 2012. *Id.*, Doc. 71. The Clerk of the Bankruptcy Appellate Panel ("BAP") issued an order indicating that the appeal was filed prior to entry of a separate and final judgment. *Id.*, Doc. 75. That order required Appellants to file, by September 28, 2012, "a written response either

1) explaining how the order on appeal is final and immediately reviewable; 2) demonstrating what steps appellant is taking to expeditiously obtain a final order; or 3) moving for leave to appeal." *Id.*  Appellee filed a statement electing to have the appeal transferred to District Court (*id.*, Doc. 78), and the Court received the appeal on September 18, 2012.  Doc. 2.  The BAP closed the case that same day.  Doc. 7-2.

Appellants filed a motion to obtain final order with the bankruptcy court on September 19, 2012.  *Narada*, No. 2:10-ap-01163-RTBP, Doc. 80 (Bankr. D. Ariz. Nov. 26, 2012).  Appellants then filed a motion to dismiss the adversary proceeding on November 9, 2012.  *Id.*, Doc. 86.

The bankruptcy court entered a final judgment in favor of Appellee on November 26, 2012.  *Id.*, Doc. 90.  On January 18, 2012, the bankruptcy court denied Appellants' motion to dismiss and advised the Parties that because final judgment had been entered, "this matter is moot and [] nothing is pending." *Id.*, Doc. 91.

**II.    Discussion.**

"The provisions of Bankruptcy Rule 8002 are jurisdictional[.]" *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994).  The notice of appeal from a bankruptcy court decision must be filed within 14 days of the entry of judgment.  Fed. R. Bankr. P. 8002(a).  "[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d at 327; *see also In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986).

Appellants failed to file a notice of appeal, or any document for that matter, within 14 days of the bankruptcy court's November 26, 2012, final judgment.[1]  Accordingly, the Court lacks jurisdiction to review the bankruptcy court's judgment.

Appellants' August 29, 2012, notice of appeal was based on an interlocutory order

---

[1] Even if the Court were to construe Appellants' motion to dismiss (Doc. 5) – the latest document Appellants filed with the Court – as Appellants' opening brief, the appeal would be untimely because Appellants filed it more than two weeks before the bankruptcy court entered final judgment.  *See Narada*, No. 2:10-ap-01163-RTBP, Doc. 90 (Bankr. D. Ariz. Nov. 26, 2012).

(*see Narada*, No. 2:10-ap-01163-RTBP, Docs. 69 & 75 (Bankr. D. Ariz. Nov. 26, 2012)), and Appellants did not file a Rule 8003 motion for leave to appeal under 28 U.S.C. § 158(a) with the BAP or this Court.[2]  The Court lacks jurisdiction to hear the appeal.

**IT IS ORDERED:**

1.      The appeal is dismissed for lack of jurisdiction.

2.      The Clerk is directed to terminate this action.

Dated this 16th day of May, 2013.


_____
David G. Campbell
United States District Judge

---

[2] The memoranda filed by Appellants (Docs. 3 & 4) concern the merits of the appeal and not the jurisdictional issue.